COOL v. CUNINGHAM.

Where a party purchased from a patentee the exclusive right to sell, in a certain county, the article patented, the patentee being under no obligation to furnish such article for sale, the notes given for the purchase money were without consideration and not binding upon the maker.

Before FRASER, J., Laurens, December, 1885.

This was an appeal from the following decree:

This case was heard by me at the extra term of the court held for Laurens in December, 1885. Without relying on any of the testimony to which exception was taken, I find the following facts :

This action has been brought to foreclose a mortgage given by the defendant to secure four promissory notes bearing date March 31, 1876—one for $450, due at three months, one for $400, due at six months, one for $400, due at nine months, and one for $400, due at twelve months. These notes were payable to the McCall Manufacturing Company, or order. The mortgage bears the same date. The execution of the notes and mortgage is admitted, and the transfer of the notes to the plaintiff is admitted in the answer. And they were transferred to plaintiff in some way on account of his "share" in the company, of which he was one of the stockholders. It is by no means clear that he would have taken the notes discharged of the equities between the original parties, under these circumstances, even if they had been transferred to him before maturity. Whether it was an incorporated company or not, he stood as a privy in interest at the making of the notes. I take it, however, to be a fact as stated by the defendant, that these notes were transferred to plaintiff after they became due, and plaintiff holds them subject to all the equities between the McCall Manufacturing Company and John Cuningham, the defendant. It cannot affect the case whether there has ever been any protest for non-payment.

The defence set up is failure of consideration. The McCall Manufacturing Company had become the owner of certain patents for the *Rhind Patent Safety Lamps* and established a manufactory for them in New York. The consideration of these notes, as set out in the deed of assignment by the said company, delivered to the defendant contemporaneously with the execution of the notes and mortgage, was "the sole and exclusive right to sell and dispose of all goods *made by the* McCall Manufacturing Company under said letters patent in and for the County of Kings, in the State of New York, and in no other places."

This deed shows that this consideration extended in all to $1,600, and the parol testimony shows that the remaining $50 incorporated in the first note for $450 was in payment for goods or lamps to be furnished to the defendant to enable him to commence the business of selling under the assignment. So much of the testimony as goes to show that the patent was of no value in use, and that lamps made with the alleged improvement were unsalable is irrelevant, as a purchaser of these patent rights takes title, as to these matters, at his own risk, unless there is some guaranty as to them. There is none here.

My difficulty, however, as to the consideration in this case is not as to the value or salability of the lamps, but that what is called in this deed by the company to the defendant, "the exclusive right to sell and dispose of," seems to be really no right at all. There is no mutuality or reciprocity of obligation. The company never bound itself to sell the lamps to the defendant at any reasonable price, or at any price at all. It did not obligate itself to transfer the right to manufacture these lamps to other parties, or not to cease the manufacture of them, and not allow any other parties to engage in it. So that it would have been impossible for the defendant to have enjoyed any benefit from sales of lamps. The company, however, continued to make lamps. But if defendant had applied for lamps and tendered a reasonable and fair price for them, I do not see any remedy for a refusal to sell them to him. The company was under no contract, as far as appears from the evidence, to sell them, and neither a suit for damages or specific performance would have availed him. See *Chit. Cont.*, 15, 46. If, however, *in fact*, the company had gone on and furnished the lamps at reasonable prices paid for them, the agreement made by the defendant, though originally *nudum pactum*, might have been made good, at least to such extent as the defendant had enjoyed benefit under the deed of the company to him. See *Miller* v. *McKenzie*, 47 *Am. Rep.*, 85, a New York case.

To my mind it seems to have been the duty of the plaintiff in this case to have shown the facts which could convert what, on its face, is an invalid claim to a valid one, and to show either that the defendant did enjoy benefit under the deed, or, then,

that it was his own fault that he failed to do so. The burden of proof on this point was on the plaintiff. In the sharp conflict of testimony as to who was to blame for the defendant's failure to receive any benefits under the arrangements and the clear proof that in fact he did not receive any benefit, I must hold against the plaintiff, whose duty it is to have, at least, a preponderance of testimony. I am inclined to think, however, that whatever may have been the value of these lamps, the company was too exacting to allow defendant to reap any benefit from their sale. I therefore hold that the collection of these notes cannot be enforced, except as to the $50 included in the note for $450, for the price of lamps to have been furnished to defendant to commence business, and as to so much of this sum as is due, plaintiff is entitled to foreclose his mortgage, and it is so ordered and adjudged.

It is ordered that it be referred to the master to inquire and report how much goods or lamps were furnished by the McCall Manufacturing Company to the defendant on account of said $50, and that he report such sum and interest thereon in order that further orders may be made thereon. The master may use the testimony heretofore taken in this case, with the right to the parties to introduce such other competent testimony as they may desire.

From this decree plaintiff appealed upon the following exceptions:

I. Because his honor erred in holding that the notes and mortgage described in the complaint herein were transferred to the plaintiff after they became due in some way on account of his share in the McCall Manufacturing Company, and that plaintiff holds them subject to all the equities between the said company and the defendant.

II. Because his honor erred in holding that plaintiff was a stockholder in the McCall Manufacturing Company, and was a privy in interest at the making of the notes.

III. Because his honor erred in holding that there was no mutuality or reciprocity of obligation between the McCall Manufacturing Company and the defendant, and that the agreement was *nudum pactum*, and the right granted defendant under said agreement was no right at all.

IV. Because his honor erred in holding that it was the duty of plaintiff to show that the defendant did enjoy benefit under the deed of McCall Manufacturing Company, or that it was his own fault that he failed to do so, and that the burden of proof on this point was on the plaintiff.

V. Because his honor erred in holding that the defendant did not receive any benefit from the sale of lamps under the assignment of the McCall Manufacturing Company, and it was because the said company was too exacting of him.

VI. Because his honor erred in holding that the collection of the notes complained upon cannot be enforced, except as to the $50 included for the price of lamps.

*Mr. W. H. Martin*, for appellant.

*Messrs. Cuningham & Harris*, contra.

June 25, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. (Omitting his statement of the case.) We have confined ourselves to the consideration of the questions raised in these exceptions. The first two involve questions of fact principally, and under the rule that findings of fact, even when they are within our cognizance, will not be disturbed, unless wholly unsupported by the evidence, the findings here must stand, as we have not found them thus unsupported.

The third brings up the main question in the case, and it is a question of law involving the construction of the contract between the parties. The Circuit Judge held that there was no mutuality or reciprocity of obligation between the parties, and therefore that the agreement was a *nudum pactum*. The defendant bought the exclusive right to sell the lamps in question in a certain county in the State of New York, which lamp the McCall Manufacturing Company alone had the right to manufacture. The enjoyment of this exclusive right depended, therefore, on the McCall Company furnishing him with the lamps needed for sale. If they were under no obligation to furnish the lamps, the right of the purchaser was the merest bagatelle. The right to sell an article, without the power to procure it for sale, amounts to nothing.

We cannot say what may have been the intention of the parties outside of their written agreement, or how far the McCall Manufacturing Company would have supplied the defendant, or how promptly or how free from difficulty. We must construe the contract by its terms, and looking at the deed from that standpoint, there is certainly no mutuality or reciprocity of obligation in it. The company did not bind itself to furnish a single lamp to the defendant. In fact, it failed to bind itself to do anything. It only assigned the exclusive right to sell, retaining the right to prevent sale by failing to stipulate to furnish the article to be sold, and with no power in the defendant to compel it to furnish said article. Such being the construction of the agreement, we think the Circuit Judge was correct in holding it to be a *nudum pactum*, and therefore in declining to enforce collection of the notes, except as to the $50.

4. No doubt that had the plaintiff shown that defendant was furnished with lamps by the company, and the defendant enjoyed the benefit of the contract, the plaintiff would have been entitled to recover, but this was not shown, and we agree with the Circuit Judge, that under this peculiar agreement the burden of showing this was upon the plaintiff. The 5th involves a question of fact. The 6th is disposed of by what has already been said.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.